UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| Plaintiff, | ) | CASE NO. 5:20 CR 297 |
| | ) | |
| vs. | ) | |
| | ) | CRIMINAL TRIAL ORDER |
| | ) | |
| MATTHEW PAUL SLATZER, | ) | |
| | ) | |
| Defendant. | ) | |

Trial of this matter has been scheduled to commence on **August 3, 2020 at 8:30 a.m.** before the Honorable Donald C. Nugent, Courtroom 15A, 801 W. Superior Avenue, Cleveland, OH 44113. **A Telephonic Pretrial is scheduled for July 2, 2020 at 9:30 a.m., and Final Telephonic Pretrial is scheduled for July 27, 2020 at 9:30 a.m.**

The attention of counsel for all parties is specifically directed to General Order No. 119 of the United States District Court for the Northern District of Ohio, adopted September 11, 1990 (Jury Utilization Management Plan), which provides that "plea negotiations must be completed by a date certain in advance of the scheduled trial." Accordingly, the Court will not accept a plea agreement which is submitted later than one week prior to the date set for trial.

Pursuant to Local Rule 17.1.1, counsel for the government and counsel for the defendant(s) are directed to comply with each of the following requirements:

Discovery herein shall be completed on or before July 9, 2020. It is the responsibility of counsel to notify the Court in writing immediately of any failure to provide discovery material.

The Court will not continue a scheduled trial because of a failure to provide discovery.

Pretrial motions shall be filed on or before July 20, 2020. The Court does not look favorably upon the practice of filing pro forma motions. It is expected by the Court that every motion filed will be supported by a substantial foundation and that such foundation will be explicitly stated in the motion pursuant to Local Rule 16.1.

Responses to pretrial motions shall be filed on or before July 27, 2020.

The following trial documents are to be submitted to the Court not later than 4:00 p.m., on July 31, 2020:

1. Counsel for the parties are directed to confer in person and thereafter submit to the Court, in writing, a concise statement describing the case in an impartial, easily understood manner, which shall be read to the jury panel prior to voir dire.

2. Counsel for the parties are directed to confer in person, agree upon stipulations, and reduce them to writing. Said stipulations are to be signed by all counsel and defendant(s) and submitted to the Court.

3. Counsel for the parties are directed to submit to the Court, in writing, a list of voir dire questions and jury instructions. Counsel should confer in person and, to the extent possible, agree upon a complete set of voir dire questions and jury instructions.[1] Additional proposed voir dire questions and proposed jury instructions, which are disputed by the parties, may be submitted to the Court and opposing counsel. Such proposed jury instructions shall be supported by legal authority. THE COURT INTENDS TO ADHERE AS CLOSELY AS POSSIBLE TO PATTERN CRIMINAL JURY INSTRUCTIONS ISSUED BY THE SIXTH CIRCUIT AND THE FEDERAL JUDICIAL CENTER.

4. Counsel for the parties are directed to submit to the Court appropriate memoranda, with citations to legal authority, in support of evidentiary questions and any other legal issues which may reasonably be anticipated to arise at trial.

5. Counsel for the parties shall reduce to writing any hypothetical questions and shall tender copies to the Court and opposing counsel. Counsel shall also submit legal

---

[1] Counsel shall also provide a copy of the jury instructions to the Court by email to: BetsyAnn_Breese@ohnd.uscourts.gov

>
> authorities in support of the form and authority to use such questions.  Counsel should confer in person and, to the extent possible, agree on the wording of such questions.

Prior to trial, counsel for the parties are also directed to complete the following:

1. In the event that demonstrative evidence, such as models or sketches, are intended to be used at trial, counsel are ordered to exchange this evidence no later than two (2) days prior to the date of trial.

2. All exhibits must be marked <u>before</u> <u>trial</u> in accordance with Local Rule 23.2.

The Court will not allow exhibits to be given to the jury during trial without prior approval of the Court.  If the Court approves such a request, sufficient copies for each juror must be provided in order that all jurors may view the exhibit simultaneously.  The preferred method of presenting such evidence is by overhead projection or a similar method.

**Request for Continuance**

The Court will not grant a continuance of a trial or hearing without a written motion stating the reason for the continuance.  The Court will not consider any motion for a continuance due to a conflict of trial assignment dates unless a copy of the conflicting assignment is attached thereto.  The motion shall be filed within fifteen (15) days of counsel becoming aware of the conflict and not less than thirty (30) days prior to trial.

IT IS SO ORDERED.

s/ Donald C. Nugent<br>
DONALD C. NUGENT<br>
United States District Judge

DATE: June 18, 2020