IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:20 CR 297 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| MATTHEW PAUL SLATZER, | ) | RESPONSE TO DEFENDANT'S MOTION |
| | ) | TO REVIEW ORDER OF DETENTION |
| Defendant. | ) | |

The United States of America, by and through counsel, Justin E. Herdman, United States

Attorney, and Toni Beth Schnellinger Feisthamel, Assistant United States Attorney, respectfully

submits the following response to Defendant's Motion to Review Order of Detention. For the

reasons stated herein, the United States of America requests that this Court deny Defendant's

Motion.

**FACTUAL BACKGROUND**

On February 2, 2020, Canton Police Department officers responded to a bar on Harrison

Avenue SW, Canton, Ohio for an intoxicated man with a firearm.  The bar manager gave the

man, Matthew Paul Slatzer, an option to leave or give the bar manager the firearm.  Slatzer gave

the loaded firearm to the bar manager who locked it in an office. Canton Police officers arrived

at the bar and made contact with Slatzer, who was intoxicated.  Officers collected the firearm

from the bar manager and Slatzer was arrested for possession of a firearm in a liquor permit establishment.  Slatzer also possessed a holster, a knife, OC spray and more ammunition for the firearm.  After his arrest, Slatzer threatened to execute the arresting officers and made homophobic and racist comments towards the officers as well.

## PROCEDURAL HISTORY

Slatzer was arrested and charged with one count of Possession of a Firearm in a Liquor Permit Premises as well as other charges in Canton Municipal Court.  Slatzer was indicted by Stark County Court of Common Pleas Grand Jury on March 5, 2020.  Slatzer was released on pretrial release on March 17, 2020.  On May 8, 2020, Slatzer's release was revoked, a capias was issued and he was arrested on the same day.  On June 11, 2020, an indictment for one count of Possession of a Firearm by a Person with Domestic Violence Conviction in violation of 18 U.S.C. §922(g)(9) was filed in the Northern District of Ohio United States District Court against Slatzer.  Slatzer was arraigned on June 18, 2020 before this Court.  The pending State indictment was dismissed.

## ARGUMENT

18 U.S.C. §3142 governs the release or detention of a defendant awaiting trial.  18 U.S.C. §3142(g) lists the factors to consider "whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community".  Those factors are:

(**1**) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
(**2**) the weight of the evidence against the person;
(**3**) the history and characteristics of the person, including--

          **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
          **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Slatzer's motion states that he is not a danger to the community or a flight risk.  Slatzer argues that he has resided in Canton, Ohio for his entire life and has family in the community.  He further argues although he has an extensive criminal history, in the last few years he has not reoffended.

Slatzer possessed a loaded firearm while intoxicated inside a bar.  A firearm which Slatzer is prevented from possessing even sober due to a conviction for Domestic Violence.  It is widely recognized that firearms and alcohol are a dangerous combination.  This is the second time Slatzer has combined alcohol and firearms together as his previous conviction of Carrying Concealed Weapon was connected to a conviction for Using a Weapon while Intoxicated.

Slatzer has a long criminal history, a record of failure to appear to court and a history of alcohol abuse.  Slatzer's criminal history extends from 2003 and includes Domestic Violence, Assault, Driving under the Influence, Disorderly Conduct, Disorderly Conduct by Intoxication, Cruelty to Animals, Resisting Arrest and Carrying a Concealed Weapon.  Slatzer's only felony conviction was a conviction for Carrying a Concealed Weapon, which he was sentenced to prison and released in December of 2017.   Throughout Slatzer's criminal history, numerous warrants have been issued for his arrest for probation violations, failure to appear for Court

ordered programs, failure to appear for arraignment, failure to appear for pretrial and failure to appear to serve a jail sentence.[1]  Many of Slatzer's convictions include alcohol or intoxication.

Slatzer's criminal history also includes the commission of new crimes while on bond or pretrial release for a previous crime.  For example, when Slatzer was arrested on his 2016 charge of Carrying a Concealed Weapon, he had two other separate cases of Assault and Resisting Arrest pending.[2]  Also, Slatzer was on pretrial release during the pendency of the State case. Slatzer's release was revoked after he missed three drug tests and failed to provide proof of employment to the Court.

Under §3142, the Court also can look at a person's character, physical and mental conditions as well as past conduct.  On May 3, 2020, Slatzer was involved in an incident in Stow, Ohio at a Dollar General. This occurred while he was on pretrial release in the State case. Slatzer entered the store with a hatchet and a sword.  Slatzer asked the store employee directions to Kent State University.  Slatzer told the employee that he was told that there were "a lot of Jews at Kent State."  Slatzer then stated he was an Aryan brother and that he was going to Kent State University to find some Jews.  Slatzer made no specific threats of harm.  This incident was captured on store video.  This behavior in conjunction with Slatzer's behavior at the time of his

---

[1] The following are all Canton Municipal Court cases in which warrants were issued for Slatzer's arrest: 2003TRC05013 (failure to appear for driving intervention program);  2003CRB02410 ( 2 separate probation violations); 2003TRC06345 (probation violation); 2005TRD02641 (probation violation); 2005CRB03800 (probation violation); 2006CRB04048 (failure to appear to serve jail sentence); 2007CRB02943 (failure to appear for arraignment and failure to appear for pretrial) 2007CRB04396 (failure to appear for arraignment and failure to appear for pretrial); 2007CRB03154 (failure to appear for arraignment and failure to appear for pretrial); 2008CRB05298 (probation violation) and 2014CRB01583 (failure to appear for arraignment).  In Stark County Court of Common Pleas Case 2010CR1136, warrants were issued several times for failure to appear for hearings.

[2] Slatzer was arrested for Assault on July 11, 2016 in Canton Municipal Court Case 2016CRB04031, for Resisting Arrest on October 17, 2016 in Canton Municipal Court Case 2016CRB04871 and for Carrying Concealed Weapon on December 12, 2016, a felony of the fourth degree in Stark County Court of Common Pleas Case 2016CR2269.

arrest by Canton Police officers is alarming and further establishes Slatzer's danger to the community.

An examination of the factors under §3142(g) with the facts of this case and Slatzer's history establishes that no condition or combination of conditions will reasonably assure Slatzer's appearance as required and the safety of any other person and the community.  Slatzer has a long history of failure to appear, sometimes more than once in the same case.   Slatzer's criminal actions regularly include alcohol and violence or firearms.  Most recently, his behavior has included threatening behavior of a discriminatory nature which further shows his danger to the community and others.  Slatzer also has a history of committing new criminal acts while he has a criminal case pending, as he did in 2016 and during the present case.

## CONCLUSION

For the foregoing reasons, the Court should deny Slatzer's motion and order his continued detention.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

BY:

/s/ Toni Beth Schnellinger Feisthamel
Toni Beth Schnellinger Feisthamel
(OH: 0072638)
Assistant United States Attorney
Federal Building
2 South Main Street, Room 208
Akron, OH 44308
(330) 761-0531
(330) 375-5492 (facsimile)
Toni.Schnellinger.Feisthamel@usdoj.gov