IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.5: 20 CR 297 |
| | ) | |
| Plaintiff, | ) | Judge Donald C. Nugent |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| MATTHEW P. SLATZER, | ) | |
| | ) | |
| Defendant. | | |

**DEFENDANT'S SENTENCING MEMORANDUM**

NOW COMES Defendant, by and through his attorney, and respectfully requests a downward variance when this Honorable Court sentences him on December 17, 2020. The reasons for this request are explained below.

**Time Spent In The Stark County Jail**

As a result of possessing a firearm in a liquor establishment, Defendant was arrested by the Canton Police on February 2, 2020. He was eventually indicted which resulted in Stark County Case No. 20CR308 which is reflected in Paragraph 60 of the PSI.

The judge in that case granted Defendant bond on 3/17/10. By then he had spent 45 days in the Stark County Jail.[1]

On May 8, 2020, Defendant was arrested on a capias issued by the judge in Stark County Case No. 20CR308 and jailed in the Stark County Jail.

On June 11, 2020, Defendant was indicted by a Northern District of Ohio Grand Jury for

---

[1] Documentation from the Stark County Jail showing the days and amount of time (relative to this matter) Defendant was incarcerated at that facility was attached to Defendant's objections/reply to the initial disclosure of the PSI.

1

violating 81 U.S.C. § 922(g)(9) which resulted in this case. The Indictment in the case *sub judice* is a direct result of Defendant's actions and arrest by the Canton Police on 2/20/20.

On June 18, 2020, Defendant was arraigned before this Court and ordered detained. That same day, Defendant left the Stark County Jail and was processed at NEOCC. By then he had spent an additional 42 days in the Stark County Jail.

On June 23, 2020, Stark County dismissed Case No. 20CR308.

Therefore, and based on the time he spent in the Stark County Jail. Defendant is requesting an 87day downward variance.

**Downward Variance**

Defendant disagrees with the PSI's determination that Defendant will receive credit for the time he spent in the Stark County Jail by the BOP. *See* PSI, p.23. As discussed below, Defendant submits that he will not receive credit from the BOP for the time he spent in the Stark County Jail because he was not in "official detention". 18 U.S.C. § 3585(b) provides:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

"Official detention" is considered by the BOP as time in custody pursuant to a detention order. Time a defendant is subject to restrictive conditions (e.g., house arrest or halfway house placement) by a release order issued by the court is not considered time in official detention under § 3585(b). See *Reno v. Koray*, 515 U.S. 50 (1995). Moreover, after a defendant is

sentenced, the BOP (and only the BOP) is *responsible* for determining what period(s) of prior custody may be credited toward the federal term of imprisonment. *See United States v. Wilson*, 503 U.S. 329 (1992). Thus, this Court cannot order the BOP to award Defendant credit for the time he spent in the Stark County Jail. Because Defendant was not in "official detention" until detained in this case on June 18, 2020, the BOP will not credit him for the time in spent in the Stark County Jail.

**Conclusion**

For all the foregoing reasons, Defendant respectfully requests the Court grant him a downward variance of 87 of days from whatever sentence is imposed.

Respectfully submitted,

*s/Anthony J. Vegh*
*A*nthony J. Vegh
526 Superior Ave., East
Suite 220
Cleveland, Ohio 44114
P (216) 566-1424
F (216) 566-1468
avegh@vecchio-vegh.com
(Ohio Bar Reg No. 0039603)
Counsel for Defendant

## CERTIFICATE OF SERVICE

A copy of the foregoing was electronically served on this 2nd day of December 2020. Notice of this filing will be sent to all counsel indicated on the electronic receipt by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

<u>*s/Anthony J. Vegh*</u>